UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARON WINT., No. 64292-007,

    Petitioner,

v.

WARDEN D. SPROUL,

    Respondent.

Case No. 24-cv-2500-JPG

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on petitioner Daron Wint's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"), where respondent D. Sproul is the warden.

The petitioner appears to be challenging the loss of good conduct credit based on discipline he received at the United States Penitentiary at Thomson, Illinois (now known as Federal Correctional Institute-Thomson) in March 2024. This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases like the one at bar.

In June 2023, the petitioner was sentenced by the Superior Court for the District of Columbia to serve four life terms without release for four first degree murder convictions in violation of the District of Columbia Code (along with various other crimes and lesser sentences).

*United States v. Wint*, No. 2015 CF1 007047.  He is currently incarcerated at FCI-Marion with no projected release date.  *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited Dec. 4, 2024).

In March 2024, the petitioner suggests he lost good conduct credit[1] based on Incident Report Number 3756198 ("IR 198"), which charged him with:

- phone abuse, criminal (Code 197); and
- disruptive conduct- greater most like (Code 199) . . . killing (attempting) (Code 100A).

Wint also received Incident Report Number 3756183 ("IR 183"), which charged him with:

- phone abuse, criminal (Code 197); and
- introduction drugs/alcohol (attempting) (Code 111).

The petitioner complains that, as to IR 198, his acquittal on one of the charges (Code 100A) necessarily requires acquittal on others (Codes 197 and 199).  With respect to IR 183, he claims the Disciplinary Hearing Officer's findings are not based on evidence.  He believes that the Bureau of Prisons ("BOP") violated his due process rights in depriving him of good conduct credit under these circumstances.  He asks the Court to overturn his disciplinary conviction and restore his lost good conduct credit.

A petitioner may bring a petition under 28 U.S.C. § 2241 when he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for restoration of wrongfully revoked good conduct credit that would result in an earlier release even if not an immediate one.  *Id.* at 487-88; *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011).

---

[1] The copy of the Disciplinary Hearing Officer's Report attached to the § 2241 Petition appears to be missing several pages.

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of a liberty interest in earned good conduct credit. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539 (1974). Due process also requires that the disciplinary decision be supported by "some evidence." *Hill*, 472 U.S. at 454; *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.").

That being said, a prisoner has no liberty interest in good conduct credit if he is serving a life sentence without the possibility of release. Where a sentence is of an indefinite length, like a life sentence, good time credit would not result in an earlier release date. "[I]mprisonment for life supplies no fixed term from which to deduct good time credits; the length of the sentence is indefinite." *Glascoe v. United States*, 358 F.3d 967, 969 (D.C. Cir. 2004); *see Roberts v. Wilson*, No. 3:13CV614, 2015 WL 3932363, at *5 (E.D. Va. June 25, 2015) (good time credits do not apply to federal inmate with life sentence). It should be no surprise then that prisoners serving life sentences without the possibility of release are not entitled to good time credit. *See* 28 U.S.C. § 3624(b)(1) (excepting those serving life sentences from earning good conduct credit). Such is the case with the petitioner, who is serving four life sentences without the possibility of release. Without any entitlement to an earlier release date as a result of good conduct credit, the

3

petitioner can have no liberty interest in that credit and no remedy under § 2241 for deprivation of such an interest.

However, because the Court may have misunderstood the petitioner's argument and because the petitioner has not had an opportunity to comment on any liberty interest he may possess, the Court will give him a chance to respond to the Court's analysis. Accordingly, the Court **ORDERS** the petitioner to **SHOW CAUSE** on or before January 10, 2025, why the Court should not dismiss his petition for failing to assert the deprivation of a constitutional right—a liberty interest in good time credit that would shorten the duration of his confinement. The respondent shall have 14 days from the petitioner's response to reply.

**IT IS THEREFORE ORDERED** that service shall be made upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, which shall constitute sufficient service. A response to the § 2241 petition need not be filed at this time other than as set forth in the previous paragraph.

The petitioner is **ORDERED** to keep the Clerk and the opposing party informed of any change in the petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 14 days after a transfer or other change in address. SDIL-LR 3.1(b)(2). Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  December 6, 2024**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**