UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARON WINT, No. 64292-007,

    Petitioner,

v.

WARDEN D. SPROUL,

    Respondent.

Case No. 24-cv-2500-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Daron Wint's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). When Wint filed this petition, he was incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"), where respondent D. Sproul is the warden. He is now at the Federal Correctional Institute at Terre Haute, Indiana ("FCI-Terre Haute"). *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Apr. 11, 2025).[1]

## I. Background

In June 2023, the Superior Court for the District of Columbia sentenced Wint to serve four life terms without release for four first degree murder convictions in violation of the District of Columbia Code (along with various other crimes and lesser sentences). *United States v. Wint*, No. 2015 CF1 007047.

In his petition, Wint suggests he lost good conduct credit in March 2024 while he was incarcerated at the United States Penitentiary at Thomson, Illinois (now known as Federal Correctional Institute-Thomson). That loss of good time credit was based on Incident Report Number 3756198 ("IR 198"), which charged him with:

---

[1] The petitioner's transfer to a facility outside this district does not alone divest this Court of subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *al-Marri v. Rumsfeld,* 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo,* 323 U.S. 283 (1944)).

- phone abuse, criminal (Code 197); and

- disruptive conduct- greater most like (Code 199) . . . killing (attempting) (Code 100A).

Wint also received Incident Report Number 3756183 ("IR 183"), which charged him with:

- phone abuse, criminal (Code 197); and

- introduction drugs/alcohol (attempting) (Code 111).

Wint complains that, as to IR 198, his acquittal on one of the charges (Code 100A) necessarily requires acquittal on others (Codes 197 and 199). With respect to IR 183, he claims the Disciplinary Hearing Officer's findings are not based on evidence. He believes that the Bureau of Prisons ("BOP") violated his due process rights in in connection with these disciplinary convictions.

## II.    § 2241 Petition

The matter comes to the immediate attention of the Court on petitioner's response (Doc. 10) to the Court's December 6, 2024, order to show cause (Doc. 4). In that order, the Court construed the § 2241 petitioner to be challenging the loss of good conduct credit based on the discipline Wint received in March 2024. However, it also noted, he is subject to four life sentences without release, so good conduct credit is meaningless to the length of his sentence—restoring good conduct credit would not mean he would serve even a moment less in prison. The Court ordered Wint to show cause why the Court should not dismiss his petition for failing to assert the deprivation of a constitutional right—a liberty interest in good time credit that would shorten the duration of his confinement. The respondent has replied to that response (Doc. 13).

In response, Wint clarifies that he is not asking the Court to restore good time credit but instead is asking the Court to set aside a finding of guilt that has led, as a collateral consequence, to his transfer to the Communications Management Unit ("CMU"), a placement which severely limits

2

his ability to communicate.² The communications of inmates in the CMU, both with others in the unit as well as individuals in the community, are curtailed and monitored. In the CMU, Wint has also lost other unspecified benefits available to non-CMU inmates with life sentences.

In reply, the respondent argues that Wint has failed to exhaust his administrative remedies, that § 2241 is not available for the relief he seeks, and that there was no due process violation in his disciplinary proceedings.

## III.     Availability of § 2241

The Court first asks whether a § 2241 petition is even available to Wint for the remedy he seeks. A federal prisoner may bring a § 2241 petition to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). "If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy." *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991). If, however, a petitioner is seeking only "a different program or location or environment," or "[c]hanges in a prisoner's security level or changes in confinement from one prison to another," he cannot bring his challenge in a § 2241 petition even if the environment he is challenging is more restrictive that what he seeks. *Id.* (change from prison factory to work release not subject to § § 2241 relief); *Singleton v. Walton*, No. 14-CV-01430-DRH, 2015 WL 300421, at *3 (S.D. Ill. Jan. 22, 2015) (change from CMU to general population not subject to § 2241 relief) (citing *Bunn v. Conley,* 309 F.3d 1002, 1008 (7th Cir. 2002)). Those are in essence challenges to conditions of confinement. *See Glaus v. Anderson*,

---

² Wint complains of placement in the CMU at FCI-Marion, but he has been transferred to FCI-Terre Haute, which also has a CMU. The Court assumes Wint has been placed in that unit.

408 F.3d 382, 387-88 (7th Cir. 2005) (declining to question *Graham*'s distinction between quantum change in custody level and conditions of confinement).

Either as the Court originally construed Wint's § 2241 petition or as Wint now describes it, he does not seek release from his confinement either now or at a sooner time in the future. Instead, he seeks a change from the CMU to the general prison population, which he believes will happen if his prison disciplinary convictions are invalidated.

Wint has asserted no facts showing a change from the CMU to general population is the type of "quantum change in the level of custody" that § 2241 petitions are designed to address. *Singleton*, 2015 WL 300421, at *3. It is not solitary confinement or anything close to it. In fact, the CMU resembles other housing units within the prison except for heightened monitoring of communications, as its name suggests. "A CMU is a general population housing unit where inmates ordinarily reside, eat, and participate in all educational, recreational, religious, visiting, unit management, and work programming, within the confines of the CMU." 28 C.F.R. § 540.200(b). Inmates are not confined in their cells during the day, and most prison services are available within this self-contained housing unit. *See* BOP Program Statement 5214.02 ¶ 5.a (Apr. 1, 2015). However, communications monitoring in the CMU requires limits on the volume, frequency and methods of inmate contact with individuals in the community, including family visits. 28 C.F.R. §§ 540.202(c), 540.203-05; BOP Program Statement 5214.02 ¶ 5.c(1)-(3) (Apr. 1, 2015). Importantly, "[d]esignation to the CMU is not punitive and, by itself, has no effect on the length of the inmate's incarceration." 28 C.F.R. § 540.202(c)(3).

Accordingly, § 2241 is not available to seek a transfer out of the CMU. *Singleton*, 2015 WL 300421, at *3. Such relief is better suited to resolution through the administrative remedies program, *see* 28 U.S.C. § 540.303(c)(6), or a civil rights lawsuit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), if such a cause of

4

action is viable in light of *Ziglar v. Abbasi*, 582 U.S. 120 (2017).  *See, e.g., Aref v. Lynch*, 833 F.3d 242, 249, 251 (D.C. Cir. 2016) (addressing Fifth Amendment due process and First Amendment retaliation claims for placement in CMU, including reliance on flawed information in inmates' files).  However, the Court declines to recharacterize Wint's § 2241 as a *Bivens* action because it may have adverse consequences for him such as, for example, a higher filing fee and a potential strike toward the "three strike" limit of 28 U.S.C. § 1915(g).  *See Singleton*, 2015 WL 300421, at *3.

**IV.     Conclusion**

Because § 2241 is not available to Wint for the relief he seeks and the Court will not recharacterize his motion, the Court **DISMISSES** this § 2241 petition without addressing the other arguments raised by the respondent.  The dismissal is **with prejudice** except should Wint seek relief under *Bivens*.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  It is not

necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  April 14, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**